# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHAYNA LEIGHTON,<br><br>                Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, and DEPARTMENT OF CORRECTIONAL SERVICES OF NEBRASKA,<br><br>                Defendants. | 4:14CV3202<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion to Dismiss (Filing No. 6) submitted by Defendants State of Nebraska ("Nebraska") and the Department of Correctional Services of Nebraska ("NDCS") (collectively "Defendants"). For the reasons stated below, Defendants' Motion will be granted.

## BACKGROUND

Plaintiff Shayna Leighton ("Leighton") filed a Complaint pursuant to the Americans with Disabilities Act of 1990, ("ADA"), 42 U.S.C. §§ 12101-12213 (2012), and § 504 of the Rehabilitation Act of 1973, 29 U.S.C §§ 701-796 (2012).

In her Complaint (Filing No. 1-1), Leighton alleges that she was employed by NDCS from March 18, 2013, to September 1, 2013. She contends that she had a disability, but was qualified to continue her employment. She asserts that, because of her disability, she was harassed and subjected to discrimination, and her employment was terminated. She also claims that Defendants retaliated against her after she complained about her hostile work environment. Leighton seeks damages for her injuries, including, lost wages, lost benefits, emotional distress, and continued suffering.

## STANDARD OF REVIEW

A motion under Federal Rule of Civil Procedure 12(b)(1)[1] challenges whether the Court has subject matter jurisdiction to hear the case. The party attempting to invoke a federal court's jurisdiction bears the burden of establishing that jurisdiction exists. *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 933-34 (8th Cir. 2012) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102-04 (1998)); *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010). The Court has "wide discretion" to decide the process with which its jurisdiction can best be determined. *Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)) (internal quotation marks omitted). It "has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Id.* at 962 (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *see also Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008) (stating that "[m]otions to dismiss for lack of subject-matter jurisdiction can be decided in three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts").

---

[1] The Supreme Court has stated that "[t]he Eleventh Amendment restricts the judicial power under Article III . . . ." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 45 (1996), and the Eighth Circuit stated that "[s]overeign immunity is a jurisdictional question." *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1043 (8th Cir. 2000) (alterations in original) (quoting *Rupp v. Omaha Indian Tribe*, 45 F.3d 1241, 1244 (8th Cir. 1995)). Defendants moved to dismiss Leighton's claims under Fed. R. Civ. P. 12(b)(1), lack of subject-matter jurisdiction and 12(b)6, failure to state a claim upon which relief can be granted. In their brief (Filing No. 7), Defendants only argue that Leighton's claims are barred by the doctrine of sovereign immunity. Accordingly, the Court will conduct its review under 12(b)(1).

**DISCUSSION**

Generally, the Eleventh Amendment bars suits in federal court by private individuals against nonconsenting States. *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). This bar applies to both states and state agencies. *Doe v. Nebraska*, 345 F.3d 593, 597 (8th Cir. 2003). Actions by private individuals against States in federal court are not barred by sovereign immunity when either (i) Congress validly abrogates States' immunity, *see Garrett*, 531 U.S. at 363, or (ii) States waive sovereign immunity. *See Doe*, 345 F.3d at 597. The Supreme Court recognized that "Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority.'" *Garrett*, 531 U.S. at 363 (alternations in original) (quoting *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000)). "To waive sovereign immunity, a state must make a clear, unequivocal statement that it wishes to do so." *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 800 (8th Cir. 2002). "A state may waive its immunity either by explicitly specifying its intention to subject itself to suit or by voluntarily participating in federal spending programs where Congress expressed a clear intent to condition receipt of federal funds on a state's consent to waive its sovereign immunity." *Doe*, 345 F.3d at 597.

Leighton's Claim Under the ADA

Leighton references the ADA in her Complaint,[2] but she does not expressly state that she intends to bring a claim under the ADA. Title I of the ADA prohibits employers

---

[2] (*See* Filing No. 1-1 at ¶¶ 10-11) ("[Leighton] advised [Warden Michael Kenney] that she would not [look for a different job due to her seizures], due to it being a violation of the Americans With

3

from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112 (a). If Leighton did intend to assert a claim under Title I of the ADA, it is barred by the Eleventh Amendment.

Leighton does not argue that Defendants waived sovereign immunity nor does she allege any facts in the Complaint allowing this Court to infer a waiver of sovereign immunity with respect to her ADA, if any. With regard to abrogation of immunity, there is no question that Congress expressed a clear intent to abrogate States' immunity under the ADA. *See* 42 U.S.C. § 12202 ("A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter."). However, in *Garrett*, the Supreme Court held that Congress's abrogation of immunity for suits brought by state employees under Title I of the ADA was barred by the Eleventh Amendment because Congress's attempt to abrogate State's immunity was not pursuant to a valid grant of constitutional authority. 531 U.S. at 360; *see also Faibisch*, 304 F.3d at 800. "[P]rivate individuals can sue state officials for injunctive relief under the ADA by using *Ex parte Young*." *Gibson v. Arkansas Dep't of Correction*, 265 F.3d 718, 722 (8th Cir. 2001). However, the *Ex Parte Young* doctrine "does not extend to states or state agencies." *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). NDCS is an agency of the State of Nebraska. *See Perryman v. Nebraska Dep't of Corr. Servs.*, 568 N.W.2d

---

Disabilities Act (ADA). . . . That same day, [Leighton] sent an email to the ADA coordinator advising her about the conversation between [Leighton] and [Warden Michael Kenney].")

241, 245 (Neb. 1997) (citing Neb. Rev. Stat. § 83-171 (Nebraska statute creating NDCS)).

Here, Leighton is suing the State of Nebraska and its agency, NDCS, for damages based on alleged discrimination arising out of her employment with NDCS. Under *Garrett*, Leighton's claims under Title I of the ADA against Nebraska and NDCS are barred by the doctrine of sovereign immunity. Accordingly, Leighton's ADA claim will be dismissed.

Leighton's Claim Under § 504 of the Rehabilitation Act

Under § 504 of the Rehabilitation Act, "[n]o otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794 (2012). States that accept funds under the Rehabilitation Act, "are required by statute to waive their Eleventh Amendment immunity to § 504 claims." *Doe*, 345 F.3d at 598 (citing 42 U.S.C. § 2000d–7 ("A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act . . . or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.")) "[T]his waiver of sovereign immunity is limited and applies only to the individual agency that receives the federal funds, *i.e.*, a state can avoid waiver by 'accepting federal funds for some departments and declining them for others.'" *Id.* While Nebraska and NDCS may have waived immunity with respect to claims made under § 504 by NDCS's acceptance of federal

funds, Leighton did not show that NDCS did so. Leighton has not offered any evidence supporting waiver, nor has she alleged any facts in her Complaint to support a finding of waiver. Accordingly, Leighton's claims under § 504 will be dismissed.

As stated above, Leighton has the burden to establish that jurisdiction exists in this case. *Miller*, 688 F.3d at 933-934; *see also Damron v. North Dakota Comm'r of Corrections*, 299 F.Supp.2d 970, 978 (D.N.D. 2004) ("[A] plaintiff wishing to pursue a Rehabilitation Act claim against the state will need to show that the agency in question waived its Eleventh Amendment immunity with respect to Section 504 of the Rehabilitation Act . . . ."). Leighton has not met her burden for claims made pursuant to the ADA nor has she met her burden for claims made pursuant to § 504 of the Rehabilitation Act. Defendants' Motion to Dismiss will be granted.[3] Accordingly,

IT IS ORDERED:

1. Defendants' Motion to Dismiss (Filing No. 6) is granted;

2. This case is dismissed without prejudice; and

3. A separate judgment will be entered.

Dated this 9th day of March, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

[3] In her brief, Leighton argues that "if this Court finds in favor of the Defendants, [Leighton] should be allowed time to amend her Complaint to conform to this Court's ruling." (Filing No. 12.) Requests to amend pleadings should be made by filing motions in accordance with NECivR 15.1.